IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY FRANCIS DURDEN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-521-HE |
| ) | |
| DARRYL SHEPHERD, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, appearing pro se, brings this action pursuant to 42 U.S.C. §1983 alleging various violations of his constitutional rights. Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the action be dismissed without prejudice unless Plaintiff pays the full $250 filing fee within fifteen (15) days of any order adopting this Report and Recommendation.

Upon filing his complaint, Plaintiff moved for pauper status, and the Court granted the application on May 17, 2005. However, that order was vacated when it appeared that Plaintiff had on three or more occasions had civil actions dismissed for failure to state a valid claim or for frivolousness. Therefore, a threshold issue appeared regarding the Plaintiff's eligibility for pauper status and the Plaintiff was directed to show cause why the application for pauper status should not be denied under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

In his response to the order to show cause, Plaintiff does not challenge his status as an inmate with three "strikes," and so the undersigned takes judicial notice of the prior

occasions in which Plaintiff has had cases dismissed for failure to state a claim or for frivolousness.[1] See Green v. Nottingham, 90 F.3d 415, 418 (10th Cir.1996) (Court of Appeals took judicial notice of strikes incurred in other courts). As a consequence of his status, Plaintiff may not proceed in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has not made any showing relevant to this threshold issue. Instead, Plaintiff has either reiterated or fleshed out the same claims raised in his complaint – claims which have nothing to do with his physical well being. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Fuller v. Myers, No. 04-3210, 2005 WL 408063, at **1 (10th Cir. Feb. 22, 2005) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.2003)).[2] Vague or conclusory allegations of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir.1998). Plaintiff has failed to meet his burden here, and the undersigned recommends that Plaintiff's motion to proceed in forma pauperis be denied, and that the complaint be dismissed without prejudice unless Plaintiff pays the full $250 filing fee within fifteen (15) days of any order adopting this Report and Recommendation.

---

[1] Order, Durden v. Huggins, Case No. CIV-02-672-S (E.D. Okla. June 20, 2003) (dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B)); Durden v. Morgan, Case No. CIV-03-102-P (E.D. Okla. Nov. 4, 2003) (dismissal for frivolousness under 28 U.S.C. § 1915(e)); Durden v. Oklahoma Department of Corrections, Case No. CIV-02-368-S (E.D. Okla. Feb. 19, 2003) (dismissal for failure to exhaust administrative remedies).

[2] This and any other unpublished disposition are cited for persuasive authority pursuant to Tenth Circuit Rule 36.3.

However, even if Plaintiff pays the filing fee, it appears that venue is proper in the United States District Court for the Eastern District of Oklahoma rather than in this district. Because § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at 28 U.S.C. § 1391(b). Coleman v. Crisp, 444 F.Supp. 31, 33 (W.D. Okla. 1977); Frazier v. Federal Bureau of Investigation, 901 F.Supp. 217, 220 n.4 (E.D. La. 1995). That statute provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). As Defendants, Plaintiff names Darryl Shepherd, whom he identifies as an associate district judge in Wagoner County; Gary Huggins and Eric Johnson, whom he identifies as deputy district attorneys in Wagoner County; Diane Barker Harrold, whom he identifies as district attorney, Wagoner County; Bruce Sewell, whom he identifies as district judge, Wagoner County; and David Nelson, whom he identifies as special judge, Wagoner County. Complaint, p. 1. Plaintiff states that all Defendants are citizens of Wagoner, Oklahoma. Complaint, p.1. The undersigned takes judicial notice that Wagoner County is in the Eastern District of Oklahoma. See 28 U.S.C. § 116(b). Moreover, all of the acts giving rise to Plaintiff's claims allegedly occurred in Wagoner

County.[3] Accordingly, venue is not proper in the Western District of Oklahoma under §1391(b), but rather is proper in the Eastern District of Oklahoma.

The Court has the authority to raise the issue of defective venue on its own motion. Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996). However, Plaintiff must be given an opportunity to present his views on this issue where the Court raises venue sua sponte. Stjernholm, 83 F.3d at 349. In this regard, it is noted that the Plaintiff has an opportunity to be heard on the venue issue by timely filing an objection to the Report and Recommendation. Cf. Smith v. Dorsey, No. 93-2229, 1994 WL 396069 at *3 (10th Cir. July 29, 1994) (noting there is no due process problem when the court raises procedural bar sua sponte, as petitioner has an opportunity to address the matter by objecting to the magistrate judge's report and recommendation prior to the district judge adopting it).

Where an action is filed in the wrong venue, 28 U.S.C. § 1406(a) provides that the Court may "dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As the Defendants have not yet been served, making notice to them of a transfer order impractical, the undersigned recommends that even if the Plaintiff pays the filing fee, that the action be dismissed without prejudice to Plaintiff refiling it in the proper court. Coleman v. Crisp, 444 F.Supp. at 33. (when "no reason appears why it would be more in the interest of justice for the court to transfer the case than to dismiss it, it should be dismissed.").

---

[3] The nature of his complaint is that Plaintiff's civil rights have been violated because a former conviction which had been set aside was used to enhance the sentence he received as a result of a 2001 criminal conviction in Wagoner County. Case No. CF-2001-217, District Court of Wagoner County. Although it appears that such a claim would be premature under Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), and that the Defendants would be immune, it is inappropriate to address those issues in light of the recommendations contained herein.

## **RECOMMENDATION**

For these reasons, the undersigned Magistrate Judge recommends that this action be dismissed upon filing without prejudice, unless Plaintiff pays the full $250 filing fee within fifteen (15) days of any order adopting this Report and Recommendation. It is further recommended that if Plaintiff pays the filing fee, the action be dismissed due to improper venue, without prejudice to Plaintiff bringing this action in the proper court. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by July 12, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**DATED this 22nd day of June, 2005.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE