**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LARRY FRANCIS DURDEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-05-0521-HE |
| | ) | |
| DARRYL SHEPHERD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Doyle W. Argo for review. On June 22, 2005, Judge Argo issued his Report and Recommendation, recommending that the action be dismissed without prejudice unless the plaintiff pays the full $250 filing fee. The matter is currently before the Court on plaintiff's objection to the Report and Recommendation.[1]

In the Report and Recommendation, Judge Argo notes that plaintiff has at least three prior cases which have been dismissed for failure to state a claim or for frivolousness.[2] As a result of these "prior occasions," plaintiff is not entitled to proceed in forma pauperis in this matter unless he is in imminent danger of serious physical harm by the defendants. 28 U.S.C. § 1915(g). In order to fall within this exception, plaintiff cannot rely on vague or conclusory

---

[1] Because plaintiff has objected to the Report and Recommendation, the matter is reviewed de novo. 28 U.S.C. § 636(b)(1)(C).

[2] *See* Report and Recommendation, p. 2, n.1. The Court takes judicial notice of these prior cases. *See, e.g.*, Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996).

assertions of harm or allegations unrelated to the particular defendants. White v. State of Colo., 157 F.3d 1226, 1231-32 (10th Cir. 1998).

In his objection to the Report and Recommendation, plaintiff asserts that he is in imminent danger because, months before he filed the instant case, he attempted suicide while incarcerated at the Joseph Harp Correctional Facility. Plaintiff does not allege that his actions are somehow connected to any particular defendant in this case or that these defendants have somehow denied him treatment for his apparent mental condition. Indeed, he admits he was "rescued" from his suicide attempt and since that time he has been in "lock down" in the mental health unit of Joseph Harp. He further admits to receiving daily therapeutic treatment for his condition by at least three psychologists.

As it does not appear that anyone is depriving plaintiff of treatment or being deliberately indifferent to his serious mental or medical needs, his allegations of imminent danger are insufficient to place him within the exception to the three strikes provision of §1915(g). Id. at 1232. Accordingly, the Court concurs with Judge Argo's conclusion that plaintiff should be required to pay the filing fee before proceeding with this action. Unless plaintiff pays the full $250 filing fee to the Clerk of the Court **within 15 days of the date of this order**, this case will be dismissed without prejudice.[3]

---

[3]*The magistrate judge's recommendation regarding the proper venue for this case will be addressed when and if the plaintiff pays the filing fee as ordered.*

**IT IS SO ORDERED**.

Dated this 21st day of July, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE